## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **ROBERTA LINDENBAUM**, individually and on behalf of all others similarly situated, | Case No.: 1:21-cv-1922-DAR |
| *Plaintiff,* | JUDGE DAVID A. RUIZ |
| *v.* | |
| **ALPHA GAS AND ELECTRIC, LLC**, a New York limited liability company, and **JOHN DOE CORPORATIONS 1-10**, | **STIPULATED PROTECTIVE ORDER** |
| *Defendants.* | |

Plaintiff Roberta Lindenbaum ("Plaintiff") and Defendant Alpha Gas and Electric, LLC ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, or any supplemental disclosures in this case. Plaintiff and Defendant request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Stipulation and Protective Order").

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

### 1. Purposes and Limitations

Apart from information or discovery material in the public domain, information or discovery material that becomes part of the public domain as a result of publication not involving

a violation of this Protective Order, or information or discovery material known by the parties prior to the disclosure of such information or discovery material, the parties agree that all information and discovery material produced or acquired in this Action may only be used in connection with the Action. Additionally, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulation and Protective Order.

### 2. Definitions

2.1     Action: *Roberta Lindenbaum, individually and on behalf of all others similarly situated v. Alpha Gas and Electric, LLC, et al.*, Case No. 1:21-cv-1922-DAR presently pending in the United States District Court for the Northern District of Ohio.

2.2.     Party: Any party to this Action and its successors-in-interest, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.3.     Disclosure or Discovery Material: All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.4     "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" Information or Items: Disclosure or Discovery Material that is private and that a Party or Non-Party, in good faith, believes must be held confidential to protect personal privacy interests or confidential, proprietary, and/or commercially sensitive information, including trade secrets, or otherwise

2

have a compelling need for privacy.

2.5     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Disclosure or Discovery Material that is extremely confidential and/or sensitive in nature, disclosure of which to another Party or Non-Party the Producing Party reasonably and in good faith, believes is likely to cause economic harm or competitive disadvantage to the Producing Party, is highly personal private information, or will otherwise compromise or jeopardize the Producing Party's business interests. The parties agree that the following non-exhaustive list of information, if private, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other private information of similar competitive and business sensitivity.

2.6     Outside Counsel of Record: Attorneys who are not employees of a Party or Non-Party but who are employed at law firms that appear on the pleadings as counsel for a Party or Non-Party in this Action.

2.7     In-House Counsel: Attorneys who are employees of a Party or Non-Party.

2.8     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.9     Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.10    Expert: A person with specialized knowledge or experience in a matter pertinent

to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who is not a past or a current employee of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes any professional jury or trial consultant retained in connection with this litigation, but does not include mock jurors.

2.11    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12    Professional Vendors: Persons or entities that provide litigation support services (e.g., document and ESI processing, hosting, review, and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: Any Disclosure or Discovery Material that is designated in good faith as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.15    Producing Party: A Party or Non-Party that provides, produces or makes available for inspection Disclosure or Discovery Material in the course of this Action.

**3. Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in

favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**4. Duration.** Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. Form and Timing of Designation.** A party, or Non-Party who produces Disclosure or Discovery Material, may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for coping during such an inspection shall be marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**6. Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.

**7. Depositions and Hearings.** Deposition and hearing testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY only if designated as such. The parties shall have thirty (30) days from the date of the deposition and/or hearing to review the transcript for confidentiality designations. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. Thereafter, the deposition or hearing

transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, pending objection, under the terms of this Order.

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulation and Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Stipulation and Protective Order in this matter or pursuant to written stipulation of the parties."

Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Stipulation and Protective Order to receive or access Protected Material based on the designation of such Protected Material.

**8. Upward Designation of Information or Items Produced by Other Parties or Non-Parties**. A Party may upward designate (i.e., change any documents or other material produced without a designation to a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or change any Protected Material produced as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") any Disclosure or Discovery Material produced by any other Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward Designating Party's own CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, or otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c). Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery

Material to be redesignated. Any Party may object to the upward designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding challenging designations.

      **9. Inadvertent Failures to Designate and Re-designation**: A Producing Party that inadvertently fails to designate Disclosure or Discovery Material as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Stipulation and Protective Order at the time of its production shall be able to make a correction to its designation, with the Receiving Party reserving the right to assert that such re-designation is improper pursuant to the procedures set forth herein regarding challenging designations. Such failure shall be corrected by providing to the Receiving Party written notice of the error and substituted copies of the inadvertently unmarked or mis-marked Disclosure or Discovery Materials. Any Party receiving such inadvertently unmarked or mis-marked Disclosure or Discovery Materials shall, within five (5) days of receipt of the substitute copies and written notice of the error, destroy or return to the law firm representing the Producing Party all copies of such mis-designated documents. The Producing Party shall comply with Paragraph 5.2 when re-designating Disclosure or Discovery Material as Protected Material. Following any re-designation of Disclosure or Discovery Material as Protected Material (or re-designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") the Party receiving such Protected Material shall take reasonable steps to comply with the re-designation, including, without limitation, retrieving all copies and excerpts of any re-designated Protected Material from persons not entitled to receive it as re-designated.

A Receiving Party shall not be in breach of this Stipulation and Protective Order for any use of such inadvertently-non-designated or inadvertently-mis-designated material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such material at the appropriately designated level pursuant to the terms of this Stipulation and Protective Order, reserving all rights to assert that such re-designation is not proper under the procedures set forth herein regarding challenging designations.

**10. Protection of Confidential Material.**

**(a) General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 10(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

**(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action

**(2) Parties.** Parties and employees of a party to this Order.

**(3) Court Reporters and Recorders.** Court reporters and recorders engaged for deposition;

**(4) Consultants, Investigators and Experts**. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(5) Third Parties.** Any non-party witness or deponent to whom documents or materials marked CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, based on the face of the documents, were previously disclosed and/or provided by the Producing Party to the non-party, without an obligation of confidentiality and not by inadvertence or mistake. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c) Limited Third-Party Disclosures for Highly Confidential – Attorneys' Eyes Only Documents.** The parties and counsel for the parties shall not disclose or permit the disclosure of any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents to any third person or entity except as set forth in subparagraphs (1)-(4). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY:

**(1) Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

**(2) Court Reporters and Recorders.** Court reporters and recorders engaged for deposition;

**(3) Consultants, Investigators and Experts**. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(4) **Others by Consent.** Other persons, only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

Before any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or substance or summary thereof, shall be disclosed to the persons or entities identified above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her. Before any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND, attached hereto. The person to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or item is disclosed shall not give, show, or otherwise divulge any of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY" information or item to any entity or person except as specifically provided for by this Stipulation and Protective Order.

(d) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(e) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(f) **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be governed by Fed. R. Evid. 502.

Upon a request from any Producing Party who has inadvertently produced

Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material, and all copies, to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

**11. Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this Action. A Party who seeks to introduce Protected Material at a hearing, pretrial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the Party who designated the information as Protected Material requests the protection be continued, the Court will review the information to determine if the information is entitled to continued protection. Prior to disclosure of Protected Material at a hearing, the Producing Party may seek further protections against public disclosure from the Court.

**12. Filing of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Absent a statute or an order of this Court, documents may not be filed under seal. *See* L.R.5.2; Electronic Filing Policies and Procedures Manual Section 16. Neither this Stipulated Protective Order nor any other sealing order constitutes blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. To the extent that a brief, memorandum or pleading references any document marked as

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information. If, however, the confidential information must be intertwined within the text of the document, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing.

Absent a court-granted exception based upon extraordinary circumstances, any and all filings made under seal shall be submitted electronically and shall be linked to this Stipulated Protective Order or other relevant authorizing order. If both redacted and unredacted versions are being submitted for filing, each version shall be clearly named so there is no confusion as to why there are two entries on the docket for the same filing.

If the Court has granted an exception to electronic filing, a sealed filing shall be placed in a sealed enveloped marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The sealed envelope shall display the case name and number, a designation as to what the document is, the name of the party on whose behalf it is submitted, and the name of the attorney who has filed the sealed document. A copy of this Stipulated Protective Order, or other relevant authorizing order, shall be included in the sealed envelope.

Any and all documents that may have been subject to sealing during discovery or motion practice will not enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial in the courtroom. The hearing, argument, or trial will be public in all respects unless otherwise ordered by the Court.

**13. Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Any challenge to the Designating Party's designations must be made within ninety (90) days receipt of the challenged information. Before filing any motions or objections to

a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation as to any documents subject to the objection, the designation party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**14. Unauthorized disclosure of protected material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures (by email, if possible) immediately and in no event more than three court days after learning of the disclosure; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND, attached hereto. Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to maintain the disclosed document or information as Protected

**15. Action by the Court.** Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

Nothing in this Stipulation and Protective order shall preclude either party from requesting the Court to address and rule on discovery and confidentiality issues between the

parties within the usual scope of discovery disputes. Moreover, nothing in this Stipulation and

Protective Order shall preclude or prejudice either party from arguing for, or against, any

designation, establish any presumption that a particular designation is valid, or alter the burden

of proof that would otherwise apply in a dispute over discovery or disclosure of information.

Until the Court rules on the challenge, all parties shall continue to afford the material in question

the level of protection to which it is entitled under the Designating Party's designation.

**16. Use of Confidential Documents or Information at Trial.** All trials are open to the

public. Absent order of the Court, there will be no restrictions on the use of any document that

may be introduced by any party during the trial. If a party intends to present at trial

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY documents or information derived therefrom, such party shall

provide advance notice to the other party at least five (5) days before the commencement of trial

by identifying the documents or information at issue as specifically as possible (i.e., by Bates

number, page range, deposition transcript lines, etc.) without divulging the actual

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY documents or information. The Court may thereafter make such

orders as are necessary to govern the use of such documents or information at trial.

**17. Obligation on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order

shall remain in force after dismissal or entry of final judgment not subject to further

appeal.

**(b) Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Documents.** Within

thirty days after dismissal or entry of final judgment not subject to further appeal, all

documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order, including

copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents.

**(c) Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**18. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a part or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**19. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information

designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY by counsel or the parties is subject to
protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time
as the Court may rule on a specific document or issue.

     **20. Persons Bound.** This Order shall take effect when entered and shall be binding upon
all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated:  **May 26, 2022**

U.S. District Judge David A. Ruiz

**WE SO STIPULATE**
**and agree to abide by the terms of this**
**Order.**

___/s/ Adam T. Savett_____
Adam T. Savett (VA73387)
SAVETT LAW OFFICES, LLC
2764 Carole Lane
Allentown, PA 18104
Tel: (610) 621-4550
adam@savettlaw.com

*Counsel for Plaintiff and the Putative Class*

**WE SO STIPULATE**
**and agree to abide by the terms of this**
**Order.**

___/s/ Motty Shulman_____
Motty Shulman (*pro hac vice*)
FRIED, FRANK, HARRIS, SHRIVER
& JACOBSON LLP
One New York Plaza
New York, New York 10004-1980
Tel: (212) 859-8000
motty.shulman@friedfrank.com

Scott R. Dismukes
ECKERT SEAMANS CHERIN &
MELLOTT LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Tel: (412) 566-1998
sdismukes@eckertseamans.com

*Counsel for Defendant Alpha Gas and*
*Electric, LLC*

19

**STIPULATED PROTECTIVE ORDER**

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBERTA LINDENBAUM**, individually and on behalf of all others similarly situated, | Case No.: 1:21-cv-1922 |
| *Plaintiff*, | JUDGE DAVID A. RUIZ |
| *v.* | |
| **ALPHA GAS AND ELECTRIC, LLC**, a New York limited liability company, and **JOHN DOE CORPORATIONS 1-10**, | |
| *Defendants*. | |

**ACKNOWLEDGMENT**
**AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the above-captioned action and attached hereto, understands the terms thereof,

and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United

States District Court for the Northern District of Ohio in matters relating to the Protective Order

and understands that the terms of the Protective Order obligate him/her to use documents

designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with the Order solely for the

purposes of the above-captioned action, and not to disclose any such documents or information

derived directly therefrom to any other person, firm or concern.

       The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:     _____

Job Title:    _____

Employer:    _____

Business Address:    _____

                        _____

                        _____

Date: _____    _____

                        Signature